# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL QUEZADA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No.  1:20-cv-00959-DAD-SAB<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME, *NUNC PRO TUNC*, TO FILE A RESPONSIVE PLEADING AND CONTINUING THE MANDATORY SCHEDULING CONFERENCE TO NOVEMBER 17, 2020<br><br>DEADLINE: AUGUST 31, 2020 |

On April 9, 2020, Jose Miguez Quezada ("Plaintiff") filed this action in Kern County Superior Court alleging violations of 42 U.S.C. § 1983 and state law.  On July 8, 2020, the State of California, California Department of Corrections and Rehabilitation ("CDCR"), Morales, and Swanson ("Defendants") removed this action to the Eastern District of California.  In their removal, Defendants requested that the complaint be screened under 28 U.S.C. § 1915A(a)[1] and that they be allowed thirty days from the screening of the complaint to file a responsive pleading. (ECF No. 1 at 2.)  On August 14, 2020, Defendants filed a request for an extension of time, *nunc pro tunc*, to file a responsive pleading.  (ECF No. 3.)

By the current motion, Defendants withdraw their request for screening of the complaint and request an extension of time to file a responsive pleading.  Defendants contend that at the time the complaint was filed, it was believed that Plaintiff was still incarcerated, but they learned

---

[1] Section 1915A(a) provides "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

on August 6, 2020, that Plaintiff had been released from prison.

Upon review of the complaint, it is alleged that the incident involved occurred on June 26, 2019, while Plaintiff was incarcerated at Kern Valley State Prison.  (ECF No. 1 at 7[2].)  The complaint was filed on April 9, 2020, and does not state that Plaintiff was a former inmate or had been released from custody.  Therefore, it seems reasonable for Defendants to assume that Plaintiff was still incarcerated at the time that the complaint was filed.  Further, Plaintiff did not object to the request that the complaint be screened under 28 U.S.C. § 1915A(a).  Finally, Defendants have exhibited diligence by moving for an extension of time quickly after discovering that Plaintiff is no longer incarcerated.  The Court finds that good cause exists to grant the request for an extension of time, *nunc pro tunc*.  The Court shall continue the mandatory scheduling conference to allow time for an answer to be filed and the parties to thereafter prepare their joint scheduling report.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request to for an extension of time, *nunc pro tunc*, is GRANTED;
2. Defendants shall file a responsive pleading on or before **August 31, 2020**;
3. The scheduling conference set for September 14, 2020, is CONTINUED to **November 17, 2020, at 2:30 p.m.** in Courtroom 9; and
4. The parties shall file a joint scheduling report **seven (7) days** prior to the continued date.

IT IS SO ORDERED.

Dated:   **August 14, 2020**

UNITED STATES MAGISTRATE JUDGE

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.