UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL QUEZADA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No.  1:20-cv-00959-DAD-SAB<br><br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS<br><br>(Doc. No. 5) |

This matter is before the court on the motion to dismiss filed by defendants on August 31, 2020.  (Doc. No. 5.)  Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendants' motion was taken under submission on the papers.  (Doc. No. 6.)  For the reasons explained below, the court will grant the pending motion to dismiss.

## BACKGROUND

On April 9, 2020, plaintiff Jose Miguel Quezada, a former inmate of California Department of Corrections ("CDCR") who was incarcerated at all relevant times at Kern Valley State Prison ("KVSP"), filed a complaint in this civil rights action in the Kern County Superior Court naming the following defendants:  the State of California ("the State"), the CDCR, correctional officers R. Morales, J. Swanson, and DOES 1–20 (unknown correctional officers

1

working at KVSP as employees of the State and CDCR).  (Doc. No. 1 at 6–7.)  On July 8, 2020, defendants State, CDCR, Morales, and Swanson (collectively, "defendants") filed a notice of removal, removing this action to this federal court.  (Doc. No. 1.)

In his complaint, plaintiff alleges as follows.  Between approximately 10:00 a.m. and 11:00 a.m. on June 26, 2019, a fist fight broke out between two inmates in the Facility "D" Patio area at KVSP.  (Doc. No. 1 ¶ 10.)[1]  Plaintiff was not involved in the altercation and was in an area of the yard that was separated by a fence from the area where those inmates were fighting.  (*Id.* at ¶ 11.)  Correctional officers shouted a "get down" command to all inmates in the yard, and upon hearing the command, plaintiff and the inmates around him immediately complied by laying on the ground in a prone position.  (*Id.* at ¶¶ 11, 12.)

Defendant Morales angrily approached plaintiff and claimed that plaintiff had not gotten down fast enough, even though plaintiff got down immediately and was already down as defendant Morales approached him.  (*Id*. at ¶ 13.)  Defendant Morales "handcuffed plaintiff and yanked the handcuffs high over plaintiff's back, toward his head, as in the manner of 'chicken winging,' which caused plaintiff excruciating pain."  (*Id.*)  Plaintiff cried out in pain and pleaded for defendant Morales to stop, but defendant Morales responded that plaintiff should "stop resisting."  (*Id.*)  Plaintiff asserts that because he "complied with all commands and was not offering any resistance," defendant Morales made this comment to mock plaintiff and suggest a false pretext his conduct.  (*Id.*)

Around the same time, defendant Swanson also approached plaintiff with visible anger, and "slammed his knee onto the back of plaintiff's head and neck, smashing and grinding plaintiff's head into the hard ground," which opened a gash on plaintiff's face and caused excruciating pain.  (*Id.* at ¶ 14.)  Defendant Morales then stood on plaintiff's back, causing further pain.  (*Id.* at ¶ 15.)  Plaintiff cried out, pleading with defendants Morales and Swanson to stop and allow plaintiff to be seen by a doctor.  (*Id.*)  When plaintiff asked defendants Morales and Swanson why they were doing this to him, they "mocked and taunted plaintiff by yelling

---

[1]  Paragraph references herein refer to the numbered paragraphs of the complaint (Doc. No. 1 at 6–25), not to the numbered paragraphs in the notice of removal (Doc. No. 1 at 1–2).

profanities at him, including telling him to 'shut up, b*tch,' and by threatening further physical violence against plaintiff." (*Id.*)

During this incident, plaintiff remained face down on the ground. (*Id.* at ¶ 16.) Prior to and during this incident, plaintiff did not present a threat to anyone's safety, physically resist, or fail to comply with any of the correctional officers' commands. (*Id.*) It appeared to plaintiff throughout the incident that defendants Morales and Swanson were angry that a fight had broken out and arbitrarily, maliciously, and sadistically directed their anger towards him and inflicted punishment on him, "possibly to 'send a message' to other inmates." (*Id.* at ¶ 17.)

"Immediately following this incident, plaintiff complained that he had been subjected to excessive and unjustified force, and he complained of severe pain experienced in his face, neck, shoulders, back, and legs and requested to [be] taken to a hospital." (*Id.* at ¶ 18.) But, in his complaint, plaintiff does not allege specifically who it was he had complained to in this regard. Plaintiff alleges that he "was taken by correctional officers to a facility medical station," though plaintiff does not allege specifically which correctional officers took him to the medical station (e.g., whether it was defendants Morales and Swanson, any of the DOE defendants, or other officers who are not defendants in this action). (*Id.*) At the medical station, "[f]acility staff performed a hasty and perfunctory evaluation of plaintiff, and then correctional officers quickly took plaintiff and placed him in a temporary holding cell without treatment of any of his injuries and with an open, unbandaged wound on his face." (*Id.*) Plaintiff does not name any of the medical station "facility staff" members as defendants in his complaint. In addition, it is not clear whether plaintiff's reference in this allegation of his complaint to "correctional officers" is intended to include defendants Morales and Swanson, any of the DOE defendants, or other officers who are not defendants in this action.

After remaining in the holding cell "for an unreasonably long period of time," plaintiff was returned to his cell, where he passed out from his injuries. (*Id.* at ¶ 19.) Surrounding nearby inmates alerted correctional officers to plaintiff's distress and "[o]nly then was plaintiff taken by Defendants to an outside hospital," where he "was examined given X-ray and CT scans, and had his head wound sealed." (*Id.*) Plaintiff does not specify in his complaint who returned him to his

cell, which officers were alerted to his distress by nearby inmates, and which "Defendants" out of the 25 defendants named in his complaint took him to an outside hospital.  Plaintiff alleges that as a result of this incident, he "suffered and is suffering several injuries," including bruises and scratches to the right side of his face and right eye, pain in his neck and left shoulder, headaches, and blurred vision, as well as "persisting mental and emotional injury."  (*Id.* at ¶ 20.)

Plaintiff further alleges that "defendant Swanson had a reputation among KVSP officials, staff, employees, and inmates as being extremely and unnecessarily aggressive towards inmates," including unnecessarily punching an inmate in the face or head, rendering the inmate unconscious.  (*Id.* at ¶ 22.)  With regard to defendant Swanson's aggression towards him in the incident precipitating this lawsuit, plaintiff alleges that when he was being taken to be evaluated and placed in a holding cell, he heard one of the other correctional officers say to defendant Swanson, "I don't know if you're going to get away with this one, Swanson."  (*Id.*)

Plaintiff also alleges that the brutal treatment by defendant Morales and Swanson in this incident "was consistent with a general practice followed by these and certain other [] correctional officers at KVSP whereby those officers used overly aggressive and violent force in responding to prisoner incidents, including by using such force" when there was no need for force or that need had passed.  (*Id.* at ¶ 21.)  As an example, plaintiff describes one incident that he is aware of in which a mentally ill inmate "snatched a can of pepper spray from an officer's belt," and after force was used to subdue the inmate and return him to his cell, several officers severely and needlessly beat that inmate.  (*Id.*)  According to plaintiff, "prison officials charged with reviewing, supervising, or disciplining officer conduct routinely failed to intervene to prevent or punish such incidents."  (*Id.*)  Plaintiff alleges on information and belief that defendants State and CDCR have not disciplined defendants Morales, Swanson, and DOES 1–10 and continue to employ them.  (*Id.* at ¶ 24.)

Based on those allegations, plaintiff asserts the following eight causes of action in his complaint:  (1) a claim against defendants Morales and Swanson for assault and battery; (2) a claim under California Civil Code § 52.1, the California Bane Act, against defendants Morales and Swanson; (3) a claim against defendants Morales and Swanson for use of excessive

force in violation of Article 1 Section 17 of the California Constitution; (4) a § 1983 claim against defendants Morales and Swanson for use of excessive force in violation of the Eighth Amendment to the U.S. Constitution; (5) a claim against defendants Morales, Swanson, and unknown correctional officers DOES 1–10 for deliberate indifference to his serious medical needs in violation of Article 1 Section 17 of the California Constitution; (6) a § 1983 claim against defendants Morales, Swanson, and unknown correctional officers DOES 1–10 for deliberate indifference to his serious medical needs in violation of the Eighth Amendment; (7) a claim of negligent failure to train, supervise, and/or discipline against defendants DOES 11-20, unknown correctional officers in supervisory roles; and (8) a claim of negligent retention against defendants DOES 11-20, unknown correctional officers in supervisory roles.  (Doc. No. 1.) Although plaintiff listed the State and CDCR as defendants in the caption on the first page of his complaint, based on the allegations in the complaint, none of plaintiff's claims are brought against either of those defendants.

On August 31, 2020, defendants State, CDCR, Morales, and Swanson filed a motion to dismiss plaintiff's complaint in its entirety as to defendants State and CDCR and to dismiss plaintiff's third, fifth, and sixth claims against defendants Morales and Swanson.  (Doc. Nos. 5; 5-1 at 8.)  On September 23, 2020, plaintiff filed an opposition to the pending motion to dismiss, and on September 30, 3020, defendants filed their reply thereto.  (Doc. Nos. 7, 8.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual

5

1   content that allows the court to draw the reasonable inference that the defendant is liable for the

2   misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3           In determining whether a complaint states a claim on which relief may be granted, the

4   court accepts as true the allegations in the complaint and construes the allegations in the light

5   most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.

6   United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth

7   of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788

8   F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations,

9   "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*,

10  556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a

11  formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also

12  Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by

13  mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the

14  plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws

15  in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State

16  Council of Carpenters*, 459 U.S. 519, 526 (1983).

17                                          **ANALYSIS**

18  **A.      Motion to Dismiss Plaintiff's Complaint as to Defendants State and CDCR**

19          As noted above, on the face of plaintiff's complaint, none of his claims are alleged against

20  defendants State and CDCR. Defendants argue that dismissal of plaintiff's complaint as to

21  defendants State and CDCR is appropriate because "[w]ithout identifying a single claim against

22  Defendants State of California or CDCR, Plaintiff's Complaint cannot be said to give these

23  Defendants 'fair notice' of his claims against them," and thus plaintiff's complaint fails to comply

24  with the pleading requirements of Rule 8(a). (Doc. No. 5-1 at 5.) In addition, defendants argue

25  that even in substance, plaintiff has failed to state any claims against defendants State and CDCR

26  because "the Complaint contains *no* factual allegations sufficient to show that plaintiff is

27  plausibly entitled to relief from these Defendants." (*Id.* at 5–6.) In that regard, defendants

28  emphasize that plaintiff "does not make any fact-based allegation showing that defendants State

                                                 6

1   of California or CDCR were aware of unconstitutional conduct of their subordinates and

2   condoned or acquiesced to such conduct" or factual allegations showing that the State or CDCR

3   "knew or had reason to know that defendants Morales or Swanson should not have been hired, or

4   that they were improperly trained." (*Id.*) Further, defendants argue that plaintiff has provided no

5   basis in law to hold defendants State and CDCR "liable as employers for failing to fire

6   [defendants Morales and Swanson,] the officers alleged to have acted improperly." (*Id.* at 5.)

7          In his opposition to the pending motion to dismiss, plaintiff states that he "inadvertently

8   did not list the State or CDCR in the caption under causes of action six, seven, or eight" and that

9   "each of these causes of action alleged the official policy and/or custom giving rise to liability for

10  the State or CDCR." (Doc. No. 7 at 12.) Plaintiff requests that the court grant him leave to file

11  an amended complaint to cure his Rule 8(a) pleading deficiencies. (*Id.*)

12         In their reply, defendants reiterate the deficiencies they identified in their motion, but they

13  do not oppose plaintiff's request for leave to file an amended complaint to address those

14  deficiencies. (Doc. No. 8 at 3.)

15         Accordingly, the court will grant defendants' motion to dismiss plaintiff's complaint as to

16  defendants State and CDCR but will grant plaintiff leave to amend his complaint to sufficiently

17  allege claims against defendants State and CDCR. *See Eminence Capital, LLC v. Aspeon, Inc.*,

18  316 F.3d 1048, 1051 (9th Cir. 2003) (noting that Rule 15 of the Federal Rules of Civil Procedure

19  instructs courts to "freely give leave when justice so requires" and that rule is "to be applied with

20  extreme liberality"). In light of the pleading deficiencies of plaintiff's complaint and the court's

21  granting of plaintiff's request for leave to amend his complaint, it would be premature to address

22  the sufficiency of the few factual allegations in his complaint that mention defendants State and

23  CDCR. This, however, should not be construed as a determination by the court that if only

24  plaintiff had included defendants State and CDCR in the caption title for his sixth, seventh, and

25  eighth claims, that his allegations are otherwise sufficient to state a cognizable claim against

26  them. As to any amended complaint plaintiff may elect to file, plaintiff is reminded that

27  conclusory allegations of wrongdoing are insufficient to state a cognizable claim. *See Twombly*,

28  550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676.

1    **B.      Motion to Dismiss Plaintiff's Third, Fifth, and Sixth Causes of Action Against**
2    **Defendants Morales and Swanson**

3        1.      Plaintiff's Third and Fifth Causes of Action under Cal. Const. art. I, § 17

4        In the pending motion, defendants argue that plaintiff's third and fifth causes of action, in

5    which he alleges that defendants Morales and Swanson violated Article 1 Section 17 of the

6    California Constitution, should be dismissed because "California's courts have expressly

7    determined that there is no private right of action for damages arising out of this clause of the

8    California Constitution." (Doc. No. 5-1 at 6) (citing *Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal.

9    App. 4th 231, 256 (2008)). Defendants also note that federal courts in California have concurred

10   with the decision by the California Court of Appeals in *Giraldo*. (*Id.*; *see also Schmitz v. Asman*,

11   No. 2:20-cv-00195-JAM-CKD, 2020 WL 3470475, at *7 (E.D. Cal. June 25, 2020) ("Federal

12   courts have repeatedly concurred with this [*Giraldo*] conclusion.") (citing *Hicks v. Hamkar*, 2:13-

13   cv-01687-KJM-DB, 2016 WL 5847011, at *8 (E.D. Cal. Oct. 6, 2016) ("[U]nder Article I, § 17

14   of the California Constitution, which prohibits cruel or unusual punishment, . . . no private cause

15   of action for damages exists.")).

16       In his opposition, plaintiff concedes that there is no private right of action for damages

17   pursuant to Article 1 Section 17 of the California Constitution, but he asserts that he can still seek

18   declaratory and injunctive relief as to that claim. (Doc. No. 7 at 16.) Although plaintiff states in

19   his opposition that he sufficiently stated his third and fifth causes of action because he "seeks

20   declaratory and injunctive relief" (*id.* at 17), that statement is simply not supported by the

21   contents of plaintiff's complaint, which does not include any request for declaratory or injunctive

22   relief. Indeed, the words "declaratory" and "injunctive" do not appear in plaintiff's prayer for

23   relief or anywhere else in plaintiff's complaint. Nevertheless, plaintiff explicitly requests that the

24   court grant him leave to amend his complaint as to delineate these two claims as seeking

25   injunctive and declaratory relief. (*Id.* at 18.)

26       In their reply, defendants contend that "[i]t is unclear what injunctive relief Plaintiff could

27   truthfully seek in this case given that he is no longer in the custody of CDCR." (Doc. No. 8 at 3–

28   4) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (concluding that prisoner's claims

1   for injunctive relief were mooted by prisoner's transfer to a different prison because he did not

2   demonstrate a reasonable expectation of returning to that prison)).  Defendants also contend that

3   declaratory relief would not be appropriate in this case.  (Doc. No. 8 at 4) (citing *United States v.*

4   *State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985) ("Declaratory relief should be denied when it

5   will neither serve a useful purpose in clarifying and settling the legal relations in issue nor

6   terminate the proceedings and afford relief from the uncertainty and controversy faced by the

7   parties."))

8          Here, the court agrees with defendants that it is "patently obvious" that plaintiff's

9   complaint does not include any claims for declaratory relief or injunctive relief at all.  (*See* Doc.

10  No. 8 at 4.)  Based on the prayer for relief as stated in his complaint, plaintiff seeks only damages.

11  (Doc. No. 1 at 23.)  Because no private cause of action for damages exists under Article I, Section

12  17 of the California Constitution, plaintiff cannot maintain his third and fifth causes of action.

13  Accordingly, the court will grant defendants' motion to dismiss these two causes of action due to

14  plaintiff's failure to state a claim upon which relief may be granted.

15         As to plaintiff's request for leave to amend these claims, the court is skeptical that

16  plaintiff will be able to state a valid claim for injunctive relief given that he not only is no longer

17  incarcerated at KVSP, he is not in CDCR's custody at all anymore.  Thus, it appears to the court

18  that plaintiff is not likely able to amend his complaint to include allegations sufficient to

19  demonstrate that he has any reasonable expectation of returning to KVSP.  Notably, in his

20  opposition, plaintiff does not proffer any allegations that he would include in an amended

21  complaint to support a claim for injunctive or declaratory relief.  Moreover, in the case that

22  plaintiff cites to support his assertion that he can seek declaratory and injunctive relief in this

23  action, *Arroyo v. Tilton*, No. 1:11-cv-01186 DLB PC, 2012 WL 1551655, at *1 (E.D. Cal. Apr.

24  30, 2012), the plaintiff was a current prisoner in CDCR's custody and had not transferred

25  facilities, so the court concluded that the plaintiff had sufficiently stated his state law claim for

26  use of excessive force, but only "[i]nsofar as Plaintiff seeks declaratory and injunctive relief."

27  Thus, plaintiff's citation to the decision in *Arroyo* does not provide the court with any indication

28  of on what basis plaintiff would seek declaratory and injunctive relief in this case.

9

1    Nevertheless, out of an abundance of caution, the court will grant plaintiff leave to amend

2    his complaint to clarify that he seeks injunctive and declaratory relief on his third and fifth causes

3    of action and to sufficiently allege factual support for that requested relief.  *See Eminence*

4    *Capital, LLC*, 316 F.3d at 1051.  However, plaintiff is cautioned that in any amended complaint

5    he may elect to file, conclusory claims to injunctive and/or declaratory relief—without

6    descriptions of the particular relief sought and supporting factual allegations to demonstrate that

7    he is entitled to that relief under applicable law—are not sufficient to state a cognizable claim

8    upon which relief may be granted.  In this regard, counsel is reminded of the obligations under

9    Rule 11 of the Federal Rules of Civil Procedure, and in particular, Rule 11(b)'s provision that by

10   presenting the court with a pleading, the attorney "certifies that to the best of the person's

11   knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: .

12   . . the claims, defenses, and other legal contentions are warranted by existing law . . .."  Fed. R.

13   Civ. P. 11(b).

14        2.      Plaintiff's Sixth Cause of Action under § 1983 for Deliberate Indifference to His

15                Serious Medical Needs

16   To succeed on a § 1983 claim, a plaintiff must allege and ultimately show that:  (1) the

17   conduct complained of was committed by a person acting under color of state law; and (2) the

18   conduct deprived the plaintiff of a federal constitutional or statutory right.  *Patel v. Kent Sch.*

19   *Dist.*, 648 F.3d 965, 971–72 (9th Cir. 2011) (citing *Tatum v. City & County of San Francisco*, 441

20   F.3d 1090, 1094 (9th Cir. 2006)).  Here, plaintiff alleges that defendants Morales and Swanson

21   "were acting or purporting to act in the performance of their official duties" "when they failed to

22   procure or provide medical treatment to plaintiff in response to his need," in violation of his

23   Eighth Amendment right to be free of cruel and unusual punishment.  (Doc. No. 1 at ¶¶ 69, 71.)

24   To state an Eighth Amendment claim based on alleged inadequate medical treatment in

25   prison, an inmate must allege facts showing "deliberate indifference to serious medical needs."

26   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "In the Ninth Circuit, the test for deliberate

27   indifference consists of two parts."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  "First,

28   the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a

prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'"  *Id.* (citation omitted).  "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent."  *Id.*  This second prong "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  However, "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."  *Id.*

In their pending motion, defendants assert that plaintiff fails to state a cognizable § 1983 claim against defendants Morales and Swanson for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  (Doc. No. 5-1 at 7–8.)  According to defendants, plaintiff's allegations actually undercut his attempt to state a deliberate indifference claim against defendants Morales and Swanson.  (*Id.*)  In particular, plaintiff expressly alleges that he received medical attention immediately following the alleged incident with defendants Morales and Swanson on June 26, 2019.  (*Id.*) (citing Doc. No. 1 at 10.)  But plaintiff does not allege any involvement whatsoever by defendants Morales and Swanson past the point where he alleges that he was taken to the medical station by (unspecified) correctional officers.  Thus, defendants contend that to the extent plaintiff's sixth cause of action is based on his dissatisfaction with the medical care he received at the facility medical station, or any care he received thereafter, or lack thereof, it is clear that any allegations in that regard are insufficient to state a claim against defendants Morales and Swanson, because plaintiff does not allege that they were involved in any of those events.  (Doc. No. 5-1 at 7–8.)

In his opposition, plaintiff does not address defendants' argument in this regard or proffer allegations to show that defendants Morales and Swanson were involved in those events.  Rather, plaintiff contends that defendants mispresented his allegation when they cherry-picked a quote from his allegation to make it appear that plaintiff received medical attention *immediately* after the incident, which is not what he alleged.  (Doc. No. 7 at 20.)  The referenced allegation in

/////

/////

11

1  paragraph 18 of plaintiff's complaint states as follows:

> Immediately following this incident, plaintiff complained that he had been subjected to excessive and unjustified force, and he complained of severe pain experienced in his face, neck, shoulders, back, and legs and requested to [be] taken to a hospital. Plaintiff was taken by correctional officers to a facility medical station. Facility staff performed a hasty and perfunctory evaluation of plaintiff, and then correctional officers quickly took plaintiff and placed him in a temporary holding cell without treatment of any of his injuries and with an open, unbandaged wound on his face.

(Doc. No. 1 at ¶ 18.)

Although the court tends to agree that it may be misleading to summarize this allegation as plaintiff having been taken immediately to the medical station, defendants' summarization of this allegation is not patently unreasonable. The allegation does not state any time frames or approximate lengths of time between these events. A fair reading of this allegation may be that plaintiff was taken to the medical station soon after he complained about his pain. It is notable that in opposing the pending motion, plaintiff has not proffered any allegations to clarify the relevant time frames or to show that there was any delay in the officers taking him to the medical station following the incident. In other words, plaintiff's vague allegations beg the question, if he was not taken immediately after the incident, then how much time had passed before he was taken to the medical station.

In addition, because plaintiff's allegation is vague as to *who* plaintiff complained to about his pain, *which* correctional officers were involved in taking plaintiff to the medical station, and *which* correctional officers were involved in placing plaintiff in a temporary holding cell after the evaluation by staff at the medical station, it is not evident from the allegations of the complaint that defendants Morales and Swanson were involved in those events. Plaintiff's allegations fall short of alleging that defendants Morales and Swanson *specifically* were involved in denying, delaying, or intentionally interfering with the provision of medical treatment for plaintiff. Plaintiff does allege that during the incident, he had "cr[ied] out in pain and to plead that [defendants Morales and Swanson] cease the attack and allow plaintiff to be seen by a doctor." (Doc. No. 1 at ¶ 15.) But this sole allegation is insufficient to state a deliberate indifference claim against defendants Morales and Swanson absent additional allegations that defendants Morales

12

1    and Swanson did not allow him be seen by a doctor (which is belied by the allegations in the

2    complaint that he was taken to the medical station) or that they somehow delayed and interfered

3    with him receiving medical attention (which, again, is belied by plaintiff's allegations).

4             Accordingly, the court will grant defendants' motion to dismiss plaintiff's sixth cause of

5    action against defendants Morales and Swanson.  Here too, however, out of an abundance of

6    caution, the court will grant plaintiff leave to amend his complaint to sufficiently state a

7    deliberate indifference claim against defendants Morales and Swanson.  While the court expresses

8    no opinion on the matter, it is at least conceivable that plaintiff's claim against defendants

9    Morales and Swanson for deliberate indifference to his serious medical needs could survive a

10   motion to dismiss if pled sufficiently.

11                                           **CONCLUSION**

12            For all of the reasons set forth above:

13   1.       Defendants' motion to dismiss (Doc. No. 5) is granted;

14            a.       Defendants State of California and California Department of Corrections

15                     are dismissed from this action due to plaintiff's failure to state any

16                     cognizable claims against them, with leave to amend; and

17            b.       Plaintiff's third, fifth, and sixth causes of action against defendants

18                     Morales and Swanson are dismissed, with leave to amend; and

19   2.       Any first amended complaint that plaintiff may elect to file in this action,

20            consistent with the leave to amend granted by the court in this order, shall be filed

21            within twenty-one (21) days after the issuance of this order;[2]

22   3.       In the event no amended complaint is filed, defendants shall file their answer to the

23            remaining causes of action within fourteen (14) days of the date by which any

24            amended complaint had to be filed; and

---

25   [2]  If plaintiff elects to file an amended complaint, he is reminded that Local Rule 220 requires that

26   an amended complaint be complete in itself without reference to any prior pleading.  This is
     because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v.*

27   *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiffs file an amended complaint, the original
     pleading no longer serves any function in the case.  Therefore, in any amended complaint, as in

28   an original complaint, each claim must be sufficiently alleged.

4.      Because the court has granted plaintiff's request for leave to amend his complaint to allege claims against defendants State of California and CDCR, the court will not direct the Clerk of Court to terminate them as defendants in this action at this time.

IT IS SO ORDERED.

Dated:   __**June 11, 2021**__                          _____
                                                          UNITED STATES DISTRICT JUDGE

14