UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL QUEZADA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-00959-DAD-SAB<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS, IN PART<br><br>(Doc. No. 20) |

This matter is before the court on the motion to dismiss filed by defendants on August 13, 2021. (Doc. No. 20.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendants' motion was taken under submission on the papers. (Doc. No. 21.) For the reasons explained below, the court will grant the pending motion to dismiss, in part.

**BACKGROUND**

This civil rights action arises from an incident that allegedly occurred on June 26, 2019, in which plaintiff Jose Miguel Quezada, a former inmate of California Department of Corrections ("CDCR") who was incarcerated at all relevant times at Kern Valley State Prison ("KVSP"), was allegedly beaten, kicked, and smashed on the ground by defendant correctional officers R. Morales and J. Swanson. (Doc. No. 15 at 4–5.)

1

On June 14, 2021, the court granted defendants' motion to dismiss certain claims in plaintiff's original complaint and granted plaintiff leave to file an amended complaint to cure the deficiencies the court had identified therein. (Doc. No. 13.) On July 2, 2021, plaintiff filed the operative first amended complaint ("FAC") naming the following defendants: the State of California ("State"), the CDCR, correctional officers R. Morales, J. Swanson, and DOES 1–20 (unknown correctional officers working at KVSP as employees of the State and CDCR). In his FAC, plaintiff asserts the following eight causes of action: (1) a claim against defendants Morales and Swanson for assault and battery; (2) a claim under California Civil Code § 52.1, the California Bane Act, against defendants Morales and Swanson; (3) a claim against defendants Morales and Swanson for excessive use of force in violation of Article 1 Section 17 of the California Constitution; (4) a § 1983 claim against defendants Morales and Swanson for excessive use of force in violation of the Eighth Amendment to the U.S. Constitution; (5) a claim against defendants DOES 1–10 for deliberate indifference to his serious medical needs in violation of Article 1 Section 17 of the California Constitution; (6) a § 1983 claim against defendants DOES 1–10 for deliberate indifference to his serious medical needs in violation of the Eighth Amendment; (7) a claim of negligent failure to train, supervise, and/or discipline against defendants CDCR, the State, and DOES 11–20; and (8) a claim of negligent retention against defendants CDCR, the State, and DOES 11–20. (Doc. No. 15.)

On August 13, 2021, defendants State, CDCR, Morales, and Swanson filed a motion to dismiss plaintiff's third, fifth, sixth, seventh, and eighth claims. (Doc. No. 20-1.) On September 7, 2021, plaintiff filed an opposition to the pending motion to dismiss and on September 14, 2021, defendants filed their reply thereto. (Doc. Nos. 22, 23.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**ANALYSIS**

First, defendants move to dismiss plaintiff's seventh and eighth claims against defendants State and CDCR because they are immune from liability under the California Government Code. (Doc. No. 20-1 at 11.) Plaintiff concedes that these claims should be dismissed. (Doc. No. 22 at 11–12) ("In consideration of the Court's judicial resources, Plaintiff concedes that the State and CDCR are immune with regard to the common law tort causes of action."). Plaintiff requests that the court grant him leave to amend his FAC to withdraw these claims and to "add the statutory claim for violation of section 845.6 of the [California] [G]overnment [C]ode" for failure to take

reasonable action to summon medical care for a prisoner in need of immediate medical care. (*Id.* at 12–13.)  In their reply, defendants agree that plaintiff should be granted leave to file a second amended complaint for this purpose.  (Doc. No. 7.)  Accordingly, the court will grant defendants' motion to dismiss plaintiff's seventh and eighth claims for negligence against defendants CDCR and the State, without leave to amend those claims.  However, the court will grant plaintiff's unopposed request for leave to file a second amended complaint to add a statutory claim under California Government Code § 845.6.

Second, defendants move to dismiss plaintiff's third and fifth claims for injunctive and declaratory relief, arguing that plaintiff's FAC suffers from the same deficiencies identified by the court in its prior order, in which plaintiff was cautioned that "conclusory claims to injunctive and/or declaratory relief—without descriptions of the particular relief sought and supporting factual allegations to demonstrate that he is entitled to that relief under applicable law—are not sufficient to state a cognizable claim."  (Doc. No. 20-1 at 12) (quoting Doc. No. 13 at 10.)  Defendants emphasize that because "[p]laintiff is no longer incarcerated in state prison, and there are no factual allegations demonstrating any reasonable expectation of Plaintiff returning to state prison," his "release from CDCR custody renders his prayer for declaratory and injunctive relief moot, as these forms of relief would have no impact on him."  (*Id.* at 12–13.)  The court agrees.  *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (concluding that a prisoner's claims for injunctive relief were mooted by the prisoner's transfer to a different prison because he did not demonstrate a reasonable expectation of returning to the prison at which his claims arose); *United States v. State of Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties.").  In his opposition, plaintiff does not address his claims for injunctive relief or defendants' arguments in this regard, apparently conceding that he failed in his FAC to sufficiently allege that he is entitled to injunctive relief.  *See Contreras v. Esper*, No. 2:14-cv-01282-KJM-KJN, 2018 WL 1503678, at *3 (E.D. Cal. Mar. 27, 2018) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim . . . in his

4

complaint[] but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim . . ."); *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (collecting cases and finding that abandonment of a claim warrants dismissal without leave to amend or with prejudice)).  Plaintiff does contend, however, that declaratory relief is appropriate to prevent "ongoing abuses" and "ongoing constitutional violations." (Doc. No. 22 at 13.)  Yet plaintiff's allegations in this regard do not show that he is subject to any ongoing abuse or violation, and thus a declaratory judgment would have no impact on him.  *See Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 231, 257 (2008) (affirming dismissal of declaratory relief claims as moot because "[i]t is clear that upon plaintiff's parole she was no longer under the physical control of CDCR, and the challenged conduct no longer applied to her").  Accordingly, the court will grant defendants' motion to dismiss plaintiff's third and fifth claims for injunctive and declaratory relief under Article 1 Section 17 of the California Constitution, without leave to amend.

Third, and finally, defendants move to dismiss plaintiff's fifth, sixth, seventh, and eighth claims against the DOE defendants because plaintiff has not sufficiently alleged facts attributing conduct to individual DOE defendants and because proceeding against DOE defendants is disfavored in the Ninth Circuit.  (Doc. No. 20-1 at 13–14.)  Defendants contend that the court should dismiss defendants DOES 1–20 from this action, "without prejudice to Plaintiff seeking leave to amend the complaint should the identities of such Defendants become known to him." (Doc. No. 20-1 at 13–14.)  In his opposition, plaintiff counters that dismissing the DOE defendants at this early stage of the litigation would be an abuse of the court's discretion because plaintiff should first have the opportunity to ascertain the identities of the defendants through discovery.  (Doc. No. 22 at 14.)  In reply, defendants urge the court to grant their motion as to the DOE defendants notwithstanding plaintiff's arguments because dismissal of the DOE defendants, without prejudice, would not deprive plaintiff of the opportunity to conduct discovery and to amend his complaint to name defendants that become known to him through that discovery. (Doc. No. 23 at 5–6.)  As for plaintiff's fifth claim for injunctive and declaratory relief against DOES 1–10, the court has already concluded that plaintiff has failed to state a cognizable claim

and will dismiss this claim as to the DOE defendants without leave to amend as well. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (noting that dismissal of claims against unknown DOE defendants is appropriate, even if discovery would enable plaintiff to identify the defendants, where the claims "would be dismissed on other grounds")). As for plaintiff's sixth claim brought only against DOES 1–10 and plaintiff's seventh and eighth claims against DOES 11–20, the court declines to dismiss the DOE defendants at this stage of the litigation. *See Powe v. Nevada*, No. 2:17-cv-00470-JAD-GWF, 2019 WL 918982, at *3 (D. Nev. Feb. 22, 2019) ("Although the use of the 'Doe' placeholder to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery."). If plaintiff fails to identify the unknown defendants through discovery and seek leave to amend his complaint to name those defendants, then the court will consider dismissing the DOE defendants. *See Merancio v. Smith & Nephew, Inc.*, No. 1:15-cv-00807-DAD-EPG, 2017 WL 2257124, at *1 (E.D. Cal. May 23, 2017) (dismissing DOE defendants *sua sponte* because "plaintiffs have identified no additional defendants and discovery in this action is now closed").

## CONCLUSION

For all of the reasons set forth above:

1. Defendants' motion to dismiss (Doc. No. 20) is granted, in part;
   a. Plaintiff's seventh and eighth claims against defendants State of California and California Department of Corrections are dismissed, without leave to amend;
   b. Plaintiff's third and fifth claims are dismissed, without leave to amend;
2. Plaintiff's request for leave to file a second amended complaint to add a claim under California Government Code § 845.6 against defendants State of California and California Department of Corrections is granted;

/////

/////

3. Any second amended complaint that plaintiff may elect to file in this action, consistent with the leave to amend granted by the court in this order, shall be filed within twenty-one (21) days after the issuance of this order;[1] and

4. In the event no second amended complaint is filed, defendants shall file their answer to the remaining causes of action within fourteen (14) days of the date by which any second amended complaint had to be filed.

IT IS SO ORDERED.

Dated:   **November 29, 2021**

_____
UNITED STATES DISTRICT JUDGE

---

[1] If plaintiff elects to file an amended complaint, he is reminded that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, as in an original complaint, each claim must be sufficiently alleged.