# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL QUEZADA,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No. 1:20-cv-00959-ADA-SAB<br><br>ORDER RE: STIPULATED MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF Nos. 31, 34, 38, 39) |

Plaintiff Jose Miguel Quezada, a state prisoner represented by counsel, initiated this civil rights litigation in state court on April 29, 2020. (ECF No. 1 at 4–25.) Defendants removed the action to the Eastern District of California on July 8, 2020. (ECF No. 1.) The matter is proceeding on Plaintiff's second amended complaint, filed December 13, 2021. (ECF No. 27.) A scheduling order issued on March 29, 2022, which was subsequently amended twice, on September 23, 2022, and November 21, 2022. (See ECF Nos. 31, 34, 38.) The pretrial conference and trial dates were also reset by the Court's September 23, 2022 order; currently, the pretrial conference is scheduled for October 23, 2023, and trial is set to commence on January 9, 2024. (See ECF No. 34.)

On January 17, 2023, the parties filed a stipulated motion to modify the scheduling order. (ECF No. 39.) The parties seek to continue all discovery deadlines in order to allow the parties to

attempt informal resolution of this case through private mediation. The parties proffer they have been diligent in conducting discovery and attempting to meet the February 7, 2023 nonexpert discovery deadline set by the Court's November 21, 2022 order (ECF No. 38) because: (1) Plaintiff served responses to Defendant Morales' first set of requests for production of documents; (2) Defendants served supplemental responses to Plaintiff's first set of requests for production of documents; (3) the deposition of nonparty witness Dr. Zepp was completed on December 1, 2022; (4) Defendant Morales's deposition was scheduled for (and presumably taken on) January 17, 2023; (5) the parties have "met and conferred" regarding scheduling the outstanding depositions and the related document production demands; and (6) Defendants are currently attempting to respond to Plaintiff's request to inspect documents. (ECF No. 39 at 3.) The parties further indicate they have yet to finalize the schedule for Plaintiff's deposition and the deposition of the person most knowledgeable ("PMK") for Defendant CDCR. (Id.) For the reasons discussed herein, the Court shall grant in part and deny in part the parties' stipulated motion.

Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). A court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Johnson, 975 F.2d at 609). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609 (compiling cases). Thus, if the party seeking the modification "was not diligent, the inquiry should end." Id.

The Court acknowledges that, while this case was initiated in 2020, the scheduling order was not issued until March 2022, after the pleadings were no longer at issue. Nonetheless, the Court is not satisfied the parties have made an adequate showing of diligence in completing fact discovery since that date. Rather, since March 2022, it appears the parties have each served and responded to only a single set of production requests, taken the depositions of three out of five

identified witnesses, and agreed to attend mediation in the future.  (See ECF Nos. 37, 39.) Furthermore, the Court previously granted a 60-day extension of the discovery deadlines in September 2022, to accommodate the parties' unspecified "unanticipated delays" (ECF Nos. 33, 34); and the Court granted an additional 75-day extension of the discovery deadlines in November 2022, so the parties could complete party and nonparty depositions, including the depositions of Plaintiff, Defendants Morales and Swanson, CDCR's PMK, Dr. Zepp, and up to fifteen inmate witnesses (ECF Nos. 37, 38).

At present, the parties neither indicate any of the previously anticipated inmate depositions were completed, nor do the parties proffer they intend to complete such depositions. Instead, it appears the only fact discovery that remains for the parties to complete are the depositions of Plaintiff and CDCR's PMK, and long-pending responses to a request to inspect documents.  Based on the foregoing, the Court does not find the parties have established good cause exists to further extend the fact discovery deadline beyond the two extensions of time previously granted.  Furthermore, it appears to this Court that the parties still have sufficient time to complete the limited remaining fact discovery identified in their stipulated motion prior to the current February 7, 2023 deadline.  Accordingly, the Court declines to stay or further extend the fact discovery deadline.

However, in light of the parties' proffer that they intend to attend private mediation, the Court shall grant the parties' motion to stay the remaining discovery deadlines and vacate the current pretrial and trial dates.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' stipulated motion to modify the schedule (ECF No. 98) is GRANTED in part and DENIED in part;

2. The parties' motion to stay and extend the non-expert discovery deadline is DENIED;

3. The expert disclosure, supplemental expert disclosure, expert discovery, and dispositive motion deadlines are STAYED to permit the parties to attend mediation or settlement conference;

1       4.      The pretrial conference and trial dates are VACATED;

2       5.      The parties may attend a private mediation or a settlement conference before a

3               magistrate judge, either of which shall be concluded **no later than April 17, 2023**;

4               and

5       6.      The parties are directed to file a status report regarding settlement **no later than**

6               **April 21, 2023**.

7   If this matter does not settle, the stay of the aforementioned deadlines shall be lifted, and the

8   Court will reset the pretrial conference and trial dates.

9

10  IT IS SO ORDERED.

11  Dated:   **January 18, 2023**                              _____
                                                                UNITED STATES MAGISTRATE JUDGE

4