# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL QUEZADA,<br><br>             Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>             Defendants. | Case No. 1:20-cv-00959-ADA-SAB<br><br>ORDER ENTERING STIPULATED<br>PROTECTIVE ORDER<br><br>(ECF No. 42) |

## STIPULATED PROTECTIVE ORDER

### 1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, privileged, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Proposed Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are

entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Proposed Protective Order does not entitle them to file confidential information under seal and that the local rules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.** **DEFINITIONS**

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel:  Counsel of Record for the parties and the support staff for such counsel.

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  "Attorneys" shall be limited to the Counsel in this case, their support staff,

2

and Expert(s).

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

2.10    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.13    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Protected material includes documents identified as "Confidential" or "Highly

Confidential" prior to the date of executing this protective order.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4.  **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5.  **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) could expose the Designating Party to sanctions under applicable legal standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order,

4

or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify the specific portions of the testimony as to which protection is sought within 21 days of a hearing where no court reporter was present, or, in the case of a proceeding where a court reporter is present, within 21 days of receipt of the transcript.  Only those portions

of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time, including designations as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In

conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the  parties agreeing in writing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The parties may agree to extend the time to file a motion.  Failure by the Designating Party to make such a motion including the required declaration within the time specified shall automatically waive the confidentiality designation for each challenged designation; however the Designating Party can be relieved of any such waiver by the Court for good cause shown. In addition, the Challenging Party may file a motion challenging a confidentiality designation within twenty-one days of the parties agreeing in writing that the meet and confer process will not resolve their dispute, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's

designation until the court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably

8

1   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

2   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

3   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

4   bound by the court reporter and may not be disclosed to anyone except as permitted under this

5   Stipulated Proposed Protective Order.

6       (g) the author or recipient of a document containing the information or a custodian or

7   other person who otherwise possessed or knew the information.

8       7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9   Information or Items. Unless otherwise ordered by the court or permitted in writing by the

10  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

12      (a) the Receiving Party's Counsel of Record in this action, as well as employees of said

13  Counsel of Record to whom it is reasonably necessary to disclose the information for this

14  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

15  attached hereto as Exhibit A;

16      (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

17  litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

18  A);

19      (c) the court and its personnel;

20      (d) court reporters and their staff, professional jury or trial consultants, and Professional

21  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

22  "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

23      (e) the author or recipient of a document containing the information or a custodian or

24  other person who otherwise possessed or knew the information.

25      (f) Plaintiff's counsel shall be permitted to show any statements made by a plaintiff with

26  that plaintiff, regardless of whether such statements are designated "HIGHLY CONFIDENTIAL

27  – ATTORNEYS' EYES ONLY". **However, Plaintiff's counsel agrees that it shall exercise due

28  care to assure that Plaintiff is not privy to any other information, including but not limited**

1    **to the names of other inmates and staff that may be present in material designated as**

2    **"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."**

3         **8.**      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

4                   **OTHER LITIGATION**

5         If a Party is served with a subpoena or a court order issued in other litigation that compels

6    disclosure of any information or items designated in this action as "CONFIDENTIAL" or

7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

8         (a) promptly notify in writing the Designating Party. Such notification shall include a

9    copy of the subpoena or court order;

10         (b) promptly notify in writing the party who caused the subpoena or order to issue in the

11    other litigation that some or all of the material covered by the subpoena or order is subject to this

12    Protective Order. Such notification shall include a copy of this Stipulated Proposed Protective

13    Order; and

14         (c) cooperate with respect to all reasonable procedures sought to be pursued by the

15    Designating Party whose Protected Material may be affected.

16         If the Designating Party timely seeks a protective order, the Party served with the

17    subpoena or court order shall not produce any information designated in this action as

18    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

19    determination by the court from which the subpoena or order issued, unless the Party has obtained

20    the Designating Party's permission. The Designating Party shall bear the burden and expense of

21    seeking protection in that court of its confidential material – and nothing in these provisions

22    should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

23    lawful directive from another court.

24         **9.**      **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

25                   **IN THIS LITIGATION**

26         (a)      The terms of this Order are applicable to information produced by a Non-Party in

27    this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28    ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with

1  this litigation is protected by the remedies and relief provided by this Order. Nothing in these

2  provisions should be construed as prohibiting a Non-Party from seeking additional protections.

3       (b)     In the event that a Party is required, by a valid discovery request, to produce a

4  Non-Party's confidential information in its possession, and the Party is subject to an agreement

5  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

6       1.      promptly notify in writing the Requesting Party and the Non-Party that some or all

7  of the information requested is subject to a confidentiality agreement with a Non-Party;

8       2.      promptly provide the Non-Party with a copy of the Stipulated Proposed Protective

9  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

10  the information requested; and

11      3.      make the information requested available for inspection by the Non-Party.

12      (c)     If the Non-Party fails to object or seek a protective order from this court within 14

13  days of receiving the notice and accompanying information, the Receiving Party may produce the

14  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

15  seeks a protective order, the Receiving Party shall not produce any information in its possession

16  or control that is subject to the confidentiality agreement with the Non-Party before a

17  determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

18  burden and expense of seeking protection in this court of its Protected Material.

19           **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

20           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

21  Material to any person or in any circumstance not authorized under this Stipulated Protective

22  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

23  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

24  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

25  made of all the terms of this Order, and (d) request such person or persons to execute the

26  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  The

27  notification to the Designating Party must include a detailed description of how the inadvertent

28  disclosure occurred.  The Designating Party has the right to seek sanctions, if appropriate, at any

1   time against the Receiving Party for inadvertent disclosure, which may include a request for an

2   order to return all Protected Material and prohibit any further use by the Receiving Party.

3   Moreover, nothing in this Order shall either confer liability, or relieve the Receiving Party from

4   any liability, for any injuries, legal proceedings or damages arising from the inadvertent

5   disclosure of Protected Material.

6   **11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

7   **PROTECTED MATERIAL**

8          When a Producing Party gives notice to Receiving Parties that certain inadvertently

9   produced material is subject to a claim of privilege or other protection, the obligations of the

10  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

11  provision is not intended to modify whatever procedure may be established in an e-discovery

12  order that provides for production without prior privilege review. Pursuant to Federal Rule of

13  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

14  communication or information covered by the attorney-client privilege or work product

15  protection, the parties may incorporate their agreement in the stipulated proposed protective order

16  submitted to the court.

17  **12.   MISCELLANEOUS**

18         12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to

19  seek its modification by the court in the future.

20         12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective

21  Order no Party waives any right it otherwise would have to object to disclosing or producing any

22  information or item on any ground not addressed in this Stipulated Proposed Protective Order.

23  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

24  material covered by this Protective Order.

25         12.3   Filing Protected Material. Without written permission from the Designating Party

26  or a court order secured after appropriate notice to all interested persons, a Party may not file in

27  the public record in this action or any other action or proceeding any Protected Material. A Party

28  that seeks to file under seal any Protected Material must comply with the local rules. Protected

Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, is required to protect the safety and security of any California Department of Corrections and Rehabilitation institution, employee, former employee, inmate, or former inmate, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

12.4    Redaction of Personal Information. The Designating Party is permitted to redact personal information such as home addresses, social security numbers, birthdates, or other personally identifiable information from the Protected Material that is produced under this protective order.

12.5    Official Information. The Designating Party is permitted to redact official information subject to official information privilege from the Protected Material that is produced under this protective order.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

1  consultant and expert work product, even if such materials contain Protected Material. Any such

2  archival copies that contain or constitute Protected Material remain subject to this Protective

3  Order as set forth in Section 4 (DURATION).

4       14. Nothing in this Order shall be construed as limiting in any way the California

5  Department of Corrections and Rehabilitation (CDCR) from utilizing any material designated or

6  produced under this Order in its normal or usual course of operations.

7       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8  Dated:  February 3, 2023                    */S/ OLENA LIKHACHOVA*
                                               OLENA LIKHACHOVA
9                                              Deputy Attorney General
                                               *Attorneys for Defendants State of California,*
10                                             *CDCR, Swanson and Morales*

11 Dated: February 3, 2023                     _____
                                               */S/ YANA G. HENRIKS*
12

13                                             YANA G. HENRIKS
                                               *Attorneys for Plaintiff Jose Miguel Quezada*
14

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

14

1       ### COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER

2               Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY

3       ORDERED that:

4               1.      The above stipulated protective order filed on February 6, 2023, (ECF No. 42), is

5                       ENTERED;

6               2.      The provisions of the parties' stipulation and this protective order shall remain in

7                       effect until further order of the Court;

8               3.      The parties are advised that pursuant to the Local Rules of the United States

9                       District Court, Eastern District of California, any documents which are to be filed

10                      under seal will require a written request which complies with Local Rule 141;

11              4.      The party making a request to file documents under seal shall be required to show

12                      either good cause or compelling reasons to seal the documents, depending on the

13                      type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir.

14                      2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir.

15                      2016); and

16              5.      If a party's request to file Protected Material under seal is denied by the Court,

17                      then the previously filed material shall be immediately accepted by the court and

18                      become information in the public record and the information will be deemed filed

19                      as of the date that the request to file the Protected Information under seal was

20                      made.

21

22      IT IS SO ORDERED.

23      Dated:   __February 6, 2023__                        _____

24                                                           UNITED STATES MAGISTRATE JUDGE

25

26

27

28