# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL QUEZADA,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No. 1:20-cv-00959-ADA-SAB<br><br>ORDER VACATING AUGUST 30, 2023 HEARING ON DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND DENYING MOTION<br><br>ORDER RESETTING EXPERT DISCOVERY AND DISPOSITIVE MOTION DEADLINES<br><br>(ECF Nos. 38, 45, 46, 47, 49) |

**I.**

**INTRODUCTION**

Plaintiff Jose Miguel Quezada ("Plaintiff"), a state prisoner represented by counsel, initiated this civil rights litigation in state court on April 29, 2020. (ECF No. 1 at 4–25.) Defendants removed the action to the Eastern District of California on July 8, 2020. (ECF No. 1.) The operative second amended complaint, filed December 13, 2021, asserts federal and state law claims arising from a use of force incident that occurred on June 26, 2019 at Kern Valley State Prison. (ECF No. 27 at 4–11.) Plaintiff alleges he and other inmates on the yard were ordered to "get down" when a fight broke out, and that the Defendant officers used excessive force against Plaintiff for purportedly not getting down on the ground fast enough. Thereafter, Defendants allegedly delayed medical treatment and falsely charged Plaintiff with a disciplinary violation for

"resisting a peace officer," which Plaintiff also disputes.

A scheduling order issued on March 29, 2022, which was subsequently amended on September 23, 2022, November 21, 2022, January 18, 2023, and April 24, 2023. (See ECF Nos. 31, 34, 38, 40, 45.) In its January 18, 2023 order, the Court partially granted the motion to modify the scheduling order, continued the expert discovery and dispositive motion deadlines, and vacated the trial dates; but it declined to extend the non-expert discovery deadline. (ECF No. 40.) Accordingly, fact-discovery closed on February 7, 2023. The expert witness disclosure deadline expired on July 10, 2023, and the supplemental expert witness disclosure deadline expired on August 1, 2023. (See ECF No. 45.) The remaining deadlines in this matter include: the dispositive motion deadline, set for August 25, 2023; the pretrial conference, set for January 22, 2024; and trial, which is set to commence on April 30, 20204. (Id.)

Presently before the Court is Defendants' June 30, 2023 motion to modify the schedule, in which Defendants seek to reopen non-expert discovery for the singular purpose of permitting Defendants to take Plaintiff's deposition. (ECF No. 48.) The Court finds this matter suitable for decision without oral argument. See E.D. Cal. L.R. 230(g). Thus, the hearing set for August 30, 2023 (see ECF No. 47), will be vacated and the parties will not be required to appear at that time. Having considered the moving and opposition papers, as well as the Court's file, the Court shall deny Defendants' motion to modify.

## II.

## BACKGROUND

The initial scheduling order was issued on March 29, 2022. (ECF No. 31.) In the original schedule, non-expert discovery was set to close on September 25, 2022, and trial was set November 14, 2023 before District Judge Drozd.

On September 23, 2022, the Court continued all deadlines (and reset the trial and pretrial conference before District Judge de Alba) based on the parties' proffer that unspecified "unanticipated delays" prevented them from completing non-expert and expert discovery. (ECF No. 34.) As relevant here, the non-expert discovery deadline was extended to November 24, 2022.

On November 21, 2022, the Court again continued the deadlines, based on the parties' stipulated proffers that they still needed to complete the depositions of parties and nonparties, including up to fifteen inmate witnesses. (ECF No. 38.) Specifically, the non-expert discovery deadline was continued for approximately 75 days, to February 7, 2023.

On January 17, 2023, the parties submitted a stipulated motion seeking to again continue all deadlines, based on their need to still depose a number of non-expert witnesses and on proffers that they were pursuing private mediation. (ECF No. 39.) On January 18, 2023, however, the Court declined to further continue the non-expert discovery deadline. (ECF No. 40.) It noted the completion of a single set of written discovery requests and three depositions over the span of ten months did not demonstrate sufficient diligence to warrant further extensions. In particular, the Court noted the parties did not appear to have made any new progress in their fact-discovery since the Court's last order in November 2022. Consequently, the Court stayed litigation and all deadlines to accommodate the mediation, except for the non-expert discovery deadline, which expired on February 7, 2023.

Ninety days later, on April 21, 2023, the parties submitted a status report indicating the case did not settle at mediation. (ECF No. 44.) In response, the Court reset the remaining deadlines and trial dates, starting with the expert disclosure deadline for July 10, 2023. (ECF No. 45.)

Two months later, on June 30, 2023, Defendants filed the instant motion to modify the schedule. (ECF No. 46.) In their motion, Defendants seek to reopen non-expert discovery for 30 days, for the sole purpose of permitting Defendants to take Plaintiff's deposition, and then to continue the remaining deadlines by 30 days as well. Defendants maintain they worked diligently to take Plaintiff's deposition prior to the non-expert discovery deadline, meeting and conferring with Plaintiff on several occasions in November and December 2022, and set the deposition for January 31, 2023, but it was cancelled at the last minute and Defendants' attempts to reschedule were unsuccessful. Plaintiff timely opposed the motion on July 7, 2023, on the basis that Defendants have not demonstrated diligence and their motion is untimely. (ECF No. 49.) Defendants did not reply. The matter is now deemed submitted on the pleadings.

# III.

# LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 16, the Court is required to issue a scheduling order as soon as practicable, and the order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). A court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Johnson, 975 F.2d at 609). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609 (compiling cases). Thus, if the party seeking the modification "was not diligent, the inquiry should end." Id.

When the motion to modify the schedule to continue a deadline is made after the deadline has expired, the Court must also consider excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B). Courts look at four factors to determine if a party has established excusable neglect: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Particularly regarding a motion to modify the scheduling order so as to reopen discovery, the Ninth Circuit expressly requires district courts to consider the following factors:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

4

1 City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995)). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Tr., 633 F.3d 828, 833 (9th Cir. 2011)).

## IV.

## DISCUSSION

Here, Defendants seek to reopen fact discovery after the deadline has expired. Furthermore, after extending the fact-discovery deadline, Defendants also seek a 30-day continuance of all remaining deadlines after that; this includes the expert discovery and dispositive motion deadlines.[1]

**A.    Parties' Arguments**

Defendants proffer they diligently attempted to take Plaintiff's deposition by sending requests to Plaintiff's counsel in November and December 2022, but were unsuccessful. (ECF No. 46-1 at 2; Chan Decl. ¶ 3, ECF No. 46-1 at 6–61.) They also contend that, after coordinating with Plaintiff's counsel and the prison coordinator and setting Plaintiff's deposition for January 31, 2023, Plaintiff notified Defendants at the last minute that he was unavailable and Defendants' attempts to reset the deposition for February 7, 2023, the date fact-discovery was to close, were also unsuccessful due to Plaintiff's unavailability. (ECF No. 46-1 at 2–3; Chan Decl. ¶¶ 4, 6, Exs. A–B, ECF No. 46-1 at 11–33.) Defendants maintain that, though they were prepared to bring a motion to compel at that time, they ultimately declined to do so because they believed the parties could resolve the issue without the need for Court intervention. (ECF No. 46-1 at 4.)

---

[1] Defendants only expressly reference the initial and supplemental expert disclosure deadlines, but also indicate they seek to continue the "expert discovery and dispositive motion deadlines"; therefore, it is unclear whether Defendants seek to also continue the expert discovery cutoff date. In fact, it appears the expert discovery cutoff date was never reset after the parties' unsuccessful April 2023 mediation, because Defendants did not request a new expert discovery cutoff date. (See ECF No. 44 at 2 (Defendants' proposed order seeking continuance of only expert disclosure deadlines but not expert discovery cutoff date).) However, the Court previously indicated it would continue all deadlines (except the fact-discovery deadline) (ECF No. 40 at 3), and shall therefore set that deadline herein. In any event, however, as of the date of this order, the expert witness disclosure and supplemental expert disclosure deadlines (July 10 and August 1, 2023, respectively) have expired, and the dispositive motion deadline (August 25, 2023) is swiftly approaching.

5

1    Defendants also proffer they were engaged in private discussions to resolve the matter
2 through mediation, and understood that Plaintiff assented to be deposed after the mediation on
3 March 17, 2023,[2] despite the Court's order denying the parties' stipulated motion to extend the
4 fact-discovery deadline. (ECF No. 46-1 at 3–4; Chan Decl. ¶¶ 7, 11, Ex. E, ECF No. 46-1 at 42–
5 46.) However, after mediation was unsuccessful, Plaintiff refused to be deposed on the basis that
6 discovery had closed; Defendants maintain this response was wholly unanticipated. (ECF No.
7 46-1 at 4; Chan Decl. ¶¶ 14, 15, Ex. G, ECF No. 46-1 at 53–56.) On June 30, 2023 (three months
8 after the mediation), Defendants proffer they again attempted to schedule Plaintiff's deposition,
9 but to no avail. (ECF No. 46-1 at 4–5; Chan Decl. ¶¶ 12, 17, Ex. H, ECF No. 46-1 at 57–61.)
10 Thus, Defendants argue that, due to unforeseen events, they were unable to timely depose
11 Plaintiff, despite their diligent efforts.

12    Plaintiff, meanwhile, argues Defendants' actions do not demonstrate diligence and instead
13 smack of bad faith. (ECF No. 49.) Plaintiff asserts he only agreed to attend mediation because
14 Defendants proffered they would attend with appropriate settlement authority; however, at the
15 mediation, Defendants appeared without such authority and presented only "nominal" terms of
16 settlement. (ECF No. 49; Henricks Decl. ¶¶ 5, 13, ECF No. 49-1.) Plaintiff argues, therefore,
17 Defendants only proceeded with mediation in order to further delay the litigation and renew their
18 attempts to secure Plaintiff's deposition, despite having missed the deadline to do so. (ECF No.
19 49 at 4; Henricks Decl. ¶ 13.)

20    As to the purported January 31, 2023 deposition date, Plaintiff argues that date was
21 chosen unilaterally by Defendants, who did not provide reasonable advance notice for the
22 deposition, but instead noticed the deposition on January 20, 2023, after the Court denied their
23 motion to further extend the fact-discovery deadline. (ECF No. 49 at 2.) Further, as to the
24 purported "agreement" to permit Plaintiff to be deposed after fact-discovery had closed, Plaintiff

---

[2] The Court notes that, although the parties attended mediation on March 17, 2023, Defendants did not file the status report as to the status of mediation, and seek to reopen the discovery deadlines until April 21, 2023. (ECF No. 44.) The report was timely filed pursuant to the Court's order, which required the parties to attend mediation no later than April 17, 2023 and file a status report as to the results of mediation no later than April 21, 2023 (ECF No. 40); however, filing the report more than a month after mediation was completed, on the very last date possible, again does not demonstrate diligence to this Court.

6

argues no such agreement was ever reached; to the contrary, the "agreement" is premised on Defendants' attempts to memorialize such in emails that requested Plaintiff timely respond if any of the "terms" were not consistent with Defendants' understanding of their prior meet and confer efforts.  Defendants purport the agreement was confirmed because Plaintiff did not object to their confirmation emails; however, Plaintiff demonstrates he did object, on several occasions.  (See id. at 5–6; Henricks Decl. ¶¶ 7–9, 11–12; Exs. 2, 3, 6, ECF Nos. 49-3, 49-4, 49-7.)  Thus, Plaintiff argues Defendants' attempt to relitigate this issue, which was decided by the Court over six months ago, should be denied.

**B.  Analysis**

Consideration of the aforementioned factors under Rule 16, excusable neglect, and those articulated by the Ninth Circuit in City of Pomona results in a finding that further modification of the schedule is not warranted.

1.  Diligence

Most importantly, the Court cannot conclude Defendants were diligent in their attempts to depose Plaintiff.

**a.  Original Discovery Period, March 29, 2022 through September 25, 2022**

First, it is entirely unclear to this Court why Defendants did not seek to depose Plaintiff at any time during the six months from March 2022 (when the scheduling order issued) to September 2023 (when fact-discovery was originally set to close).[3]  That is, Defendants focus on their efforts to set a deposition date for Plaintiff in November and December 2022, but do not indicate they made any efforts to depose Plaintiff during the eight months prior to that time, nor do they explain why they declined to do so.  (See ECF No. 46-1 at 2–3.)  In fact, Defendants' supporting declaration and evidence indicates the first time counsel requested available dates for Plaintiff's deposition was on November 2, 2022.  (See Chan Decl. ¶¶ 3–5; ECF No. 46-1 at 13 (email correspondence requesting dates for Plaintiff's deposition).)  Further, Defendants'

---

[3] This action was initiated on July 9, 2020; however, the Court only evaluates Defendants' diligence with respect to the time period after the scheduling order was issued, on March 29, 2022.  Nevertheless, the fact that the pleadings were challenged by Defendants in two separate motions to dismiss (see ECF Nos. 5, 20) tends to highlight the foreseeability of the importance and relevance of obtaining Plaintiff's deposition for purposes of clarifying Plaintiff's allegations and claims.

7

November 18, 2022 declaration indicates that they did not propound their first set of written discovery until after September 22, 2022.[4] (See Likhachova Decl. ¶ 4, ECF No. 37-2.) This is somewhat alarming in light of the fact that the non-expert discovery deadline set by the March 29, 2022 scheduling order was originally set for September 25, 2022. (ECF No. 31.)

### b. Extended Discovery Period, September 25, 2022 through February 7, 2023

Second, even assuming good cause existed for Defendants' failure to attempt to depose Plaintiff during the original six months' discovery period (from March 2022 to September 2022), the Court also notes Defendants do not demonstrate much diligence in pursuing Plaintiff's deposition thereafter. More specifically, Defendants were given multiple additional opportunities to depose Plaintiff when the Court extended the fact-discovery deadline for 60 days on September 23, 2022 (ECF No. 34), and for 75 days on November 21, 2022 (ECF No. 38), yet again failed to do so. As to the first extension, the parties filed a stipulated motion to modify the non-expert discovery deadline by 60 days based on a single, vague, and general proffer of "good cause" that the "[p]arties have made significant progress in completing non-expert discovery," but needed additional time "due to unanticipated delays." (ECF No. 33 at 2.) The Court generously granted the parties' request, continuing the non-expert deadline to November 24, 2022, though it commented on the failure to provide more specific information to support a finding of good cause and it cautioned the parties that it was "disinclined to grant any future modifications to the scheduling [order] absent a more specific demonstration of good cause." (ECF No. 34.) Yet, no depositions were taken during these 60 days (see, generally, ECF No. 37-2); moreover, while the Court granted the request on September 23, 2022, Defendants did not ask Plaintiff for available deposition dates until November 2, 2022, over a month later. (See Chan Decl. ¶ 3, ECF No. 46-1 at 6.)

As to the second extension, the parties sought a 75-day extension of the non-expert discovery deadline, purportedly in order to complete the depositions of both officer defendants, a non-party individual, Plaintiff, and fifteen specifically-named inmate witnesses. (ECF No. 37.)

---

[4] Meanwhile, during that same time period, it appears that Plaintiff was diligent in seeking discovery, as he served notices of depositions for Defendants Swanson and Morales and CDCR's PMK (Swanson's deposition was completed on November 9, 2022), and requests for inspection of documents. (See Likhachova Decl. ¶ 4.)

Defendants proffered their three deponents were unavailable to be deposed on the dates scheduled by Plaintiff, but did not indicate any attempts had been made at that time to depose Plaintiff or the inmate witnesses. (See, generally, ECF No. 37-2.) In fact, it appears that, as of November 18, 2022, only one deposition had been taken (Defendant Swanson). (See id.) Nevertheless, the Court once again granted the requested continuance, largely due to the significant number of depositions to be taken, and continued the non-expert discovery deadline to February 7, 2023. (ECF No. 38.) Yet it appears Defendants never actually deposed any of the inmate witnesses (or Plaintiff), and currently only seeks an extension to depose Plaintiff. (See, generally, Chan Decl, ECF No. 46-1 at 6–10.)

The Court acknowledges that Defendants maintain they contacted Plaintiff for deposition dates on November 2, 2022, and Plaintiff replied that he would provide potential dates (ECF No. 46-1 at 2);[5] yet, Plaintiff did not immediately provide available deposition dates, as promised, but instead informed Defendants on November 8, 2022, that Plaintiff was incarcerated at California State Prison-Los Angeles, and counsel was in the process of contacting the prison to arrange for Plaintiff's deposition.[6] (Chan Decl. ¶ 4; Ex. B, ECF No. 46-1 at 21–22, 23.) As a result, in the months that followed, Defendants directly contacted the prison litigation coordinator, scheduled a deposition for Plaintiff, and on January 20, 2023 noticed Plaintiff's deposition for January 31, 2023 (11 days' notice). In response, on January 30, 2023, Plaintiff indicated the "unilaterally set" deposition would not go forward that day. On February 1, 2023, Defendants attempted to reset Plaintiff's deposition for February 7, 2023 (the discovery cutoff date), but Plaintiff's counsel indicated unavailability. Defendants argue Plaintiff's last-minute cancellation and refusal to

---

[5] More specifically, the email exchange between the parties indicates Defendants informed Plaintiff that the depositions of Officer Morales and CDCR's PMK needed to be continued due to unavailability, confirmed the date for Officer Swanson's deposition, and asked for available deposition dates for Plaintiff (ECF No. 46-1 at 13); Plaintiff responded he would provide dates for Plaintiff, the PMKs and Officer Morales. (ECF No. 46-1 at 12.)

[6] Defendants responded the same day that they would reach out to the prison to see how the prison could accommodate the parties. It is perhaps worth noting that, while Plaintiff's counsel had difficulty obtaining available deposition dates from the prison litigation coordinator, Defendants (CDCR employees) were able to expedite this process by contacting the prison directly to arrange for Plaintiff's deposition. (See Chan. Decl. ¶ 4.) Meanwhile, it is unclear why, after Defendants indicated on November 8 they would contact the prison about deposing Plaintiff, they did not do so until an unspecified date in December and/or January, and did not notice Plaintiff's deposition until two days after the Court's order denying the parties' third request to extend the fact-discovery cutoff date.

produce Plaintiff for deposition on January 31, 2023 demonstrates Defendants' diligence in seeking the deposition and establishes good cause for a continuance. Further, they argue that they relied on Plaintiff's November 8 representations that he would make himself available to be deposed and that available dates were forthcoming. This appears to be Defendants' strongest argument in support of their motion.[7] In fact, had Defendants raised this argument by motion to compel in January after Plaintiff refused to appear for the deposition, or even in February 2023, prior to the discovery cutoff date, the Court likely would have been inclined grant such a motion, given the relevance of Plaintiff's testimony as a party deponent. However, Defendants did not bring such a motion. In fact, the instant motion to reopen discovery was filed on June 30, 2023, over four months after the February 7, 2023 close of fact-discovery. Thus, Defendants' motion is untimely. As the Court cautioned the parties in its original March 29, 2022 scheduling order,

> the discovery/expert cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines … discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. **A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely**.

(ECF No. 31 at 3 (italics in original; bold emphasis added.)

In addition, the Court notes Defendants previously attempted to continue the fact-

---

[7] In opposition, Plaintiff argues it was improper for Defendants to instruct its agents (the CDCR litigation coordinator) to summon Plaintiff for a deposition without first confirming the date with counsel; moreover, they object to Defendants unilaterally setting the deposition date and argue insufficient notice of the deposition was provided. To this last point, however, the Court notes Federal Rule of Civil Procedure does not prohibit the unilateral setting of depositions. Rather, Rule 30(b)(1) provides that a party who wants to depose a person by oral questions must give "reasonable notice" to every other party. Plaintiff's recourse, therefore, would have been to seek a protective order from the Court; not to unilaterally and, at the last minute, refuse to appear for the duly-noticed deposition. See Fed. R. Civ. P. 32(a)(5)(A). Plaintiffs, however, did not timely seek such a protective order. On the other hand, Under Rule 30(a)(2)(B), Defendants were required to seek leave of the court to depose Plaintiff, an incarcerated party, but they did not do so. The Court further notes Plaintiff's insufficient notice argument is not wholly without merit where Defendants previously rejected depositions unilaterally-set by Plaintiff, due to purported insufficient notice and unavailability (see Likhachova Decl. ¶¶ 5, 7, ECF No. 37-2 (continuing Morales' deposition after receiving 13 days' notice, and continuing Dr. Zepp's deposition after receiving 21 days' notice)).

discovery deadline in January 2023 (ECF No. 39), but the Court denied their request, on the basis that Defendants had not demonstrated diligence in their attempts to complete fact discovery, specifically where: (1) the pleadings were not at issue since before the scheduling order issued in March 2022, yet very little discovery had been completed and the parties only proffered vague excuses of "unanticipated delays" in prior requests to modify the schedule; (2) the parties only served and responded to a single set of productions requests, took three depositions, and agreed to attend mediation at some unspecified date in the future within the ten-month period of time from March 2022 to January 2023; (3) the Court had already granted the parties a 60-day extension of the discovery deadlines in September 2022 and a 75-day extension in November 2022; and (4) the parties completed virtually none of the discovery that they represented to the Court they would complete—including Plaintiff's deposition—if the prior requested extensions were granted (ECF No. 40 at 2–3). Defendants' attempt to relitigate the Court's January 18, 2023 decision to deny any further extensions of the fact-discovery deadline (id. at 3), nearly five months after the fact, is therefore not well-taken.[8] Rather, having concluded Defendants were not diligent, "the inquiry should end." Johnson, 975 F.2d at 609.

---

[8] To this point, the Court notes Plaintiff proffers an alternative argument that Defendants' motion to modify the schedule should actually be construed as a motion for reconsideration because the Court's prior January 18, 2023 order denying the parties' request to extend the fact-discovery deadline due to a lack of diligence constitutes a prior order from which Defendants are essentially seeking reconsideration. Notably, the Court may relieve a party from a prior order where the party establishes: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief," Fed. R. Civ. P. 60(b); however, the Ninth Circuit cautions that such motions should not be granted, absent highly unusual circumstances, such as newly discovered evidence, a showing or clear error, or an intervening change in the controlling law, Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn), 571 F.3d 873, 880 (9th Cir. 2009), and "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," id. Moreover, the Local Rules require the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4). Plaintiff correctly notes Defendants have not addressed (or satisfied) these requirements as importantly, they do not present any newly discovered evidence suggesting the Court wrongly denied their January 17, 2023 request to continue the fact-discovery deadline (ECF Nos. 39, 40), nor do they contend the Court erred in concluding they failed to demonstrate sufficient diligence in their attempts to depose Plaintiff at that time. Indeed, Defendants' purported diligence arguments were or could have been raised in their January 17, 2023 stipulated motion, and no other circumstance (*i.e.*, newly discovered evidence or change in law) appears to apply; thus, any motion under Rule 60(b) would be unavailing. Marlyn, 571 F.3d at 880; Fed. R. Civ. P. 60(b); E.D. Cal. L.R. 230(j)(3)–(4). Thus, the Court finds Plaintiff's argument is not without merit. Nevertheless, the Court need not reach this analysis in light of its findings with respect to Plaintiff's motion under Rule 16.

1       2.      City of Pomona Factors

2       Furthermore, the Court notes Defendants fail to establish the aforementioned City of
3  Pomona factors, for the same reasons this Court has already articulated.  City of Pomona, 866
4  F.3d at 1066.  In short, trial is currently set for April 30, 2024 (see ECF No. 45), and reopening
5  fact-discovery at this late stage of the litigation would unduly prejudice Plaintiff, who opposes the
6  motion.  Further, for the previously articulated reasons, the Court cannot conclude Defendants
7  were diligent in their attempts to depose Plaintiff; indeed, it concluded in January 2023 that they
8  were not.  (ECF No. 40.)  Moreover, it was or should have been plainly foreseeable to Defendants
9  since the July 2020 initiation of this case that they would need to depose Plaintiff, as Plaintiff's
10 firsthand testimony of the events underlying his claims would certainly lead to relevant evidence,
11 including clarity with respect to Plaintiff's allegations and claims against Defendants.  Thus, the
12 City of Pomona factors weigh in favor of a finding that fact-discovery should not be reopened at
13 this time.  City of Pomona, 866 F.3d at 1066.

14      3.      Excusable Neglect

15      Defendants have similarly failed to demonstrate excusable neglect—a consideration which
16 the Court, incidentally, does not need to reach in light of having determined a lack of diligence,
17 Johnson, 975 F.2d at 609—because they present no reasonable excuse for failing to depose
18 Plaintiff within the approximately eleven months that fact-discovery was open; even the 30-day
19 delay proffered by Defendants at this point would be unduly prejudicial to Plaintiff, where
20 multiple continuances of the discovery deadlines have already been granted and this case has
21 languished since its inception in July 2020; and Plaintiff has raised questions as to the good faith
22 efforts of Defendants in delaying the litigation through mediation and other discovery
23 continuances.  Pincay, 389 F.3d at 855; Pioneer Inv. Servs. Co., 507 U.S. at 395.  On this record,
24 the Court simply cannot conclude that reopening fact-discovery is warranted.

25      In sum, Defendants' motion is untimely and duplicative of prior litigation.  Further, the
26 Court concludes Defendants have not met their burden to demonstrate they diligently sought to
27 complete Plaintiff's deposition within the ample, multiple-extended timeframe to complete
28 discovery.  The instant motion must therefore be denied.  However, since the Court notes the

expert discovery deadline was not reset following the parties' April 2023 mediation, the Court shall now set that deadline, consistent with its current scheduling order. Further, in light of the new expert discovery deadline, the Court shall continue the dispositive motion deadline. The Court notes these brief continuances do not affect or alter the pretrial conference or trial dates, however, and those dates shall not be altered.

## V.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The August 30, 2023 hearing on Defendants' motion to modify discovery and scheduling order is VACATED;

2. Defendants' motion to modify discovery and scheduling order (ECF No. 46) is DENIED;

3. The expert discovery deadline is reset for **August 31, 2023**;

4. The dispositive motion deadline is continued to **September 29, 2023**; and

5. All remaining deadlines set forth in the scheduling order, as modified, shall remain unaltered.

IT IS SO ORDERED.

Dated:   **August 16, 2023**

UNITED STATES MAGISTRATE JUDGE

13