# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL QUEZADA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:20-cv-00959-ADA-SAB<br><br>ORDER VACATING ALL DATES AND DEADLINES PURSUANT TO NOTICE OF SETTLEMENT, ORDERING DISPOSITIONAL DOCUMENTS, AND ADVISING PARTIES OF COURT'S PRACTICE CONCERNING RETENTION OF JURISDICTION<br><br>(ECF No. 63)<br><br>**DEADLINE: NOVEMBER 22, 2023** |

Plaintiff filed this action in the Superior Court of the State of California, County of Kern on April 9, 2020. (ECF No. 1.) The action was removed to the Eastern District of California on July 8, 2020. (Id.) On November 1, 2023, the parties filed a notice of settlement and stipulation to continue any hearings and deadlines. (ECF No. 63.) The filing indicates that the parties are currently preparing a written settlement agreement and other necessary documents and will file a request for dismissal with prejudice "shortly thereafter." (Id.) The parties request the Court retain jurisdiction for 180 days or until the settlement amount is paid, whichever is shorter, after the parties file their request for dismissal with prejudice. (Id.) The parties also request that the Court continue all hearings and deadlines in this matter until the notice of dismissal is filed. (Id.)

As the filing contains no specific date by which the parties will file the stipulation of dismissal, the Court shall require Plaintiff to file dispositional documents within twenty-one (21) days, consistent with the Local Rule. See L.R. 160(b) ("[T]he Court shall fix a date upon which

the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause."). At that point, if Plaintiff requires additional time to file dispositional documents as to the Defendant, Plaintiff may request an extension of the deadline upon a demonstration of specific good cause. However, in this regard, the parties are advised that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather settlement of the action.

Further, this Court generally declines generic requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause, and such retention requires a subsequent order of approval from the Court retaining jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation . . . . [e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

Accordingly, IT IS HEREBY ORDERED that:

1. All pending dates and matters are VACATED; and
2. The parties shall file dispositional documents on or before **November 22, 2023**.

IT IS SO ORDERED.

Dated:   **November 2, 2023**

UNITED STATES MAGISTRATE JUDGE